IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN JAY PINCUS HUETER ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> AST TELECOMM LLC ET AL., <br><br> Defendants. | CIV. NO. 21-00207 JMS-KJM <br><br> ORDER STAYING CASE PENDING SATISFACTION OF NOTICE REQUIREMENTS |

**ORDER STAYING CASE PENDING SATISFACTION OF NOTICE REQUIREMENTS**

**I. INTRODUCTION**

On April 26, 2021, Plaintiffs Steven Jay Pincus Hueter, Chief Faamuli Pete Faamuli, Michael S. Kirk, and Rosalia Tisa Faamuli (collectively, "Plaintiffs") filed a Complaint, ECF No. 1, against Defendants AST Telecomm LLC d/b/a Bluesky Communications, the American Samoa Telecommunications Authority, the American Samoa Power Authority, the American Samoa Government, and various individuals employed by these entities (collectively, "Defendants"). And, on April 28, 2021, Plaintiffs filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction, ECF No. 9.

Plaintiffs allege claims under the citizen suit provisions of the Endangered Species Act ("ESA") and the Marine Protection, Research, and Sanctuaries Act ("MPRSA"). While both statutes authorize individuals to bring claims against alleged violators of their provisions, they also mandate that prospective plaintiffs provide written notification of any alleged violations to the alleged violators and appropriate federal agencies at least 60 days prior to commencement of suit. Because it is not clear whether Plaintiffs have complied with these requirements, the case is STAYED until the court receives proof that the requisite notice has been given. Additionally, in order for the Motion for TRO and Preliminary Injunction to be heard, Plaintiffs must provide proof that they have notified Defendants of that Motion pursuant to Federal Rule of Civil Procedure 65.

## II. **DISCUSSION**

**A.    Statutory Notice Requirements**

Plaintiffs allege claims pursuant to the citizen suit provisions of the ESA, 16 U.S.C. § 1540(g), and the MPRSA, 33 U.S.C. § 1415(g). Both statutes empower "any person [to] commence a civil suit on his own behalf" to "enjoin any person . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A); *see also* 33 U.S.C. § 1415(g) (similar).

But, at least sixty days before bringing suit, prospective plaintiffs *must* provide written notice of the alleged violation to the head of the appropriate federal agency and to the alleged violator. 16 U.S.C. § 1540(g)(2)(A)(i); 33 U.S.C. § 1415(g)(2)(A). As to the alleged violations of the ESA, notice should be given to the Secretary of the Interior.[1] 16 U.S.C. § 1540(g)(1)(A)(i). And as to the alleged violations of MPRSA, notice should be given to the Administrator of the Environmental Protection Agency ("EPA").[2] 33 U.S.C. § 1415(g)(2)(A). This sixty-day notice requirement is jurisdictional. *See Save the Yaak Comm. v. Block*, 840 F.2d 714, 721 (9th Cir. 1988). Thus, "failure to strictly comply with the notice

---

[1] Under the ESA, notice is given to the federal agency with jurisdiction over the threatened or endangered species allegedly harmed. *See Modesto Irr. Dist. v. Gutierrez*, 619 F.3d 1024, 1028 (9th Cir. 2010). The Department of Interior's Fish and Wildlife Service ("FWS") has jurisdiction for terrestrial and predominantly freshwater aquatic species, while the Department of Commerce's National Marine Fisheries Service ("NMFS") has jurisdiction for marine species. *Id.* Because sea turtles live in both the marine and terrestrial environment, the agencies have shared jurisdiction for sea turtles. The agencies have, however, delineated their duties in a memorandum of understanding, which gives NMFS jurisdiction for sea turtles in the marine environment and FWS jurisdiction for sea turtles in the terrestrial environment. *See* Memorandum of Understanding Defining the Roles of the U.S. Fish and Wildlife Service and the National Marine Fisheries Service in Joint Administration of the Endangered Species Act of 1973 as to Sea Turtles (2015), *available at* https://media.fisheries.noaa.gov/dam-migration/fws-nmfs_mou_2015.pdf (last visited April 30, 2021). Because Plaintiffs allege that Defendants' activities harm sea turtles in the terrestrial environment, they should provide written notice of the alleged violations to the Secretary of Interior, though they are not precluded from also notifying the Secretary of Commerce. *See* 16 U.S.C. § 1532(15).

[2] Under the MPRSA, notice is given to the federal agency with jurisdiction over the dumping activity, either the EPA or the Army Corps of Engineers. The Army Corps has jurisdiction over the dumping of dredged materials while the EPA has jurisdiction over all other dumping activities covered by the statute. *See* 33 U.S.C. §§ 1413, 1414. Here, because the Complaint does not reference any dredged materials, notice should be provided to the Administrator of the EPA.

requirement acts as an absolute bar to bringing suit" under both the ESA and MPRSA.  *Sw. Ctr. For Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) (citations omitted); *see also Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14 (1981).

The Complaint contains a box with an "X" next to it, accompanied by the words "Yes – 60 Day Notice Required Prior to Citizen Suit."  ECF No. 1 at PageID # 14.  It is unclear whether this is meant to indicate that such notice is required, or that this requirement has been complied with.  But, regardless of its meaning, this statement is insufficient to show that the 60-day notice requirement has been satisfied.  In order for the case to move forward, Plaintiffs must provide proof that they have complied with this requirement.  That is, Plaintiffs must:

(1) Submit evidence showing that they provided written notification of the alleged violations of the ESA to the Secretary of Interior at least 60 days prior to commencement of suit;

(2) Submit evidence showing that they provided written notification of the alleged violations of the MPRSA to the Administrator of the EPA at least 60 days prior to commencement of suit; and

(3) Specify which named Defendants are the alleged violators of these statutes and submit evidence showing that they provided written notification to

those parties of each of the alleged violations against them at least 60 days prior to commencement of this suit.

Plaintiffs must make these showings in order for the case to proceed. The case is STAYED until the court receives proof that the statutory notice requirements have been complied with.  By **May 10, 2021**, Plaintiffs are ORDERED to submit proof that they have already fulfilled these requirements; or, if they have not yet fulfilled these requirements, to submit a notice indicating whether and when they intend to do so.

**B.     Rule 65 Notice Requirements**

Separately, Federal Rule of Civil Procedure 65 requires that plaintiffs provide defendants with notice prior to judicial review of motions for TRO or preliminary injunction.  *See* Fed. R. Civ. P. 65(b).[3]  Here, Plaintiffs have not shown that they provided Defendants with notice of their Motion as required by Rule 65.  Thus, in addition to meeting the statutory 60-day notice requirements, Plaintiffs must submit evidence showing that they have provided Defendants with notice of their TRO motion before the court will consider that motion. Additionally, the court will not consider the preliminary injunction component of

---

[3] Rule 65 also provides for TROs without notice.  Fed. R. Civ. P. 65(b)(1)(A).  But this approach appears incompatible with the notice requirements of the federal environmental statutes under which Plaintiffs are bringing in suit.  And, in any case, Plaintiffs have not provided an affidavit or verified complaint containing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as required to proceed with a TRO without notice under Rule 65(b)(1)(A).

the Motion until the Complaint and Motion have been properly served upon the Defendants.

### III. CONCLUSION

This case is STAYED pending proof that Plaintiffs have satisfied the ESA and MPRSA's 60-day notice requirements. Plaintiffs are ORDERED to submit a filing by **May 10, 2021**, either (1) providing proof that they complied with the 60-day notice requirement; or (2) stating whether they intend to comply with this requirement.

Additionally, Plaintiffs must provide proof that they have notified Defendants of their Motion in order for the TRO request to be heard, and must serve the Complaint and Motion upon Defendants in order for the preliminary injunction request to be heard.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, April 30, 2021



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Hueter et al. v. AST Telecomm LLC et al.*, Civ. No. 21-00207 JMS-KJM, Order Staying Case Pending Satisfaction of Notice Requirements